## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Arlene Sonday, individually and as co-trustee of
The Revocable Living Trust of Ralph E. Sonday
and Arlene W. Sonday and its sub-trusts;
Karen Sonday, individually and as co-trustee of
The Revocable Living Trust of Ralph E. Sonday
and Arlene W. Sonday and its sub-trusts; and
Sonday LLC, a Minnesota Limited Liability Company,

Court File No.: _____

                    Plaintiffs,

**VERIFIED COMPLAINT**

v.

Imagine Learning, LLC, a
Delaware Limited Liability Company

                    Defendant.

---

Plaintiff Arlene Sonday, individually ("Ms. Sonday"), The Revocable Living Trust of Ralph E. Sonday and Arlene W. Sonday and its sub-trusts (collectively, "the Trust"), by and through its co-trustees Arlene Sonday and Karen Sonday ("Karen")[1], and Sonday System LLC ("the LLC") (all Plaintiffs collectively "Plaintiffs" or "The Sondays"), for their Verified Complaint against Defendant Imagine Learning, LLC., a Delaware Limited Liability Company ("Imagine" or "Defendant"), state and allege as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright and trademark infringement and related claims, based on Defendant Imagine's unauthorized uses of numerous of Plaintiffs'

---

[1] As Arlene Sonday and Karen Sonday have the same surname, Karen Sonday will be referred to by her first name, to avoid confusion.

federally registered copyrights and trademarks, related to a proprietary, highly regarded and widely used teaching system and its published works, commonly known as the Sonday System®[2].

2.    Plaintiffs assert their copyright claims based on Defendant Imagine's unauthorized use of Plaintiffs' catalogue of approximately eighty-eight (88) registered copyrights secured over roughly the past twenty-seven (27) years, all of which protect Plaintiffs' Sonday System works, and which are currently being infringed by Defendant Imagine.

3.    Plaintiffs also assert claims for trademark infringement and false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a), respectively, as well as related claims in violation of Minnesota's statutory laws, all arising from the Defendant Imagine's unauthorized use of Plaintiffs' SONDAY SYSTEM mark, and a catalogue of approximately thirty (30) other related marks, all owned and controlled by Plaintiffs, in connection with Defendant Imagine's marketing, advertising, promotion, offering for sale, and sales of Plaintiffs' Sonday System products and services.

4.    Plaintiffs have been forced to initiate this action after numerous, repeated advisories to Defendant Imagine that it did not have a license to use or exploit Plaintiffs' intellectual property, and further after ongoing, yet failed, efforts to potentially create a valid and enforceable license for Imagine, culminating in Plaintiffs' demand that

---

[2] Although THE SONDAY SYSTEM and SONDAY SYSTEM, as well as approximately 19 other registered trademarks are involved in this matter, the registered symbol "® will not be used throughout, for ease of reading.

Defendant Imagine cease and desist its infringing uses of Plaintiffs' federally-registered copyrights and trademarks, which have been ignored and willfully flouted by Defendant Imagine.

5.     Plaintiffs seek monetary damages, enforcement costs and fees and to preliminarily and permanently enjoin Defendant Imagine from using Plaintiffs' copyrights, trademarks and otherwise violating Plaintiffs' legal and intellectual property rights.

6.     The goodwill and quality reputation the Sonday System assets have acquired, which Plaintiffs have worked so hard to cultivate and maintain, are being threatened by Defendant Imagine's actions. Defendant Imagine has willfully used, and presently continues using in bad faith, Plaintiffs' registered copyright works and trademarks as part of Defendant's ongoing sales and marketing of its products and services, in violation of Plaintiffs' exclusive intellectual property rights.

7.     Unless Defendant Imagine is enjoined from such acts, its willfully unauthorized uses will continue to infringe Plaintiffs' copyrights and trademarks, continue causing damage to Plaintiffs' intellectual property and goodwill, and will continue to create consumer confusion and damage to Plaintiffs' and their Sonday System products' reputation, causing irreparable harm to Plaintiffs.

## **PARTIES**

8.     Plaintiff Arlene Sonday is a former teacher and Minnesota resident, who initially created the Sonday System and all of its derivative copyright works relevant to this action.  Ms. Sonday is also the co-trustee of the Trust, with her daughter, Karen Sonday.

3

9.      Plaintiff Karen Sonday is a Minnesota resident and co-trustee of the Trust, with her mother, Arlene Sonday.  Karen Sonday is also a joint author of some of the copyrights in suit.

10.      The Trust is a Minnesota trust which holds and controls most of the copyright and trademark assets in suit.

11.      Sonday System, LLC is a single-member limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business in Minnesota.  Arlene Sonday, a Minnesota resident, is presently the sole Member of the LLC.

12.      Defendant Imagine Learning, LLC is a Delaware limited liability company with a physical office located at 3001 Metro Drive, Suite 480, Bloomington, Minnesota, and a registered office address of 616 South 3rd Street, Minneapolis, Minnesota.  Defendant Imagine is registered with the Minnesota Secretary of State to do business in Minnesota as a foreign entity, file number 1200794200020.  Imagine maintains an office, employs personnel, committed the acts described herein and otherwise does business within this judicial district.

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a) and under 17 U.S.C. § 101 *et seq.* and 15 U.S.C. §§ 1114, 1117, and 1125(a) because this action involves federal question claims arising under the Copyright Act and Lanham Act, respectively.

4

14.    This Court has supplemental jurisdiction over Plaintiffs' state statutory and common law claims pursuant to 28 U.S.C. section 1367(a).

15.    This Court has personal jurisdiction over Defendant Imagine because it operates a physical office in Minnesota, employs Minnesota residents, has committed acts which serve as the basis of Plaintiffs' claims in Minnesota and has purposefully directed its activities toward the State of Minnesota and its residents by developing, manufacturing, advertising, offering for sale, and selling goods or services which infringe Plaintiffs' copyrights and trademarks within this district. Defendants' actions have caused harm to Plaintiffs, all Minnesota residents for jurisdictional purposes, within the State of Minnesota.

16.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including, *inter alia*, the copyright and trademark infringing activities, and the violations of related Minnesota statutes and common law rights.

## FACTUAL BACKGROUND

17.    Arlene Sonday began creating teaching protocols which developed into the Sonday System in or about 1997.

18.    In or about 1997, she was approached by Reynolds Guyer, a Minnesota entrepreneur, who was interested in licensing Ms. Sonday's intellectual property, specifically, her copyrights of the Sonday System teaching program.

19.    Ultimately, in or about January 1998, Ms. Sonday and Mr. Guyer struck a deal, in which his business entity agreed to license Ms. Sonday's Sonday System works.

20.    That initial agreement was reduced to writing, reflected in a written License Agreement (the "Initial License") between Ms. Sonday, as "Licensor," and Mr. Guyer's business entity, Winsor Corporation, as the "Licensee."

21.    During the term of the Initial License, Winsor Corporation, the Licensee, sought to assign the Initial License from itself to Winsor Learning, Inc.

22.    The Initial License contained an express, written restriction, which explicitly required the express written consent of Ms. Sonday, as Licensor, for any assignment of the rights, duties and responsibilities of the Licensee contained in the Initial License.

23.    The restrictive language stated: "This LICENSE and each and every one of its provisions: . . . may not be assigned by LICENSEE Except with the express written consent of LICENSOR." (capitalization in original).

24.    Accordingly, on December 28, 2001, Winsor Corporation sought, secured, and reduced to writing a formal, single-page written document entitled "ASSIGNMENT OF LICENSE AGREEMENT" which simply and clearly articulated the requirement of Licensor's express written consent to legally effectuate the proposed assignment, expressly confirmed Ms. Sonday wished to give her consent, and confirmed by her signature Ms. Sonday's express written consent to allow the assignment of Winsor Corporation's Licensee role to Winsor Learning, Inc., as the assignee and new Licensee under the Initial License.

25.    The Initial License governed the license agreement and business relationship between Ms. Sonday and Winsor Corporation, and then its duly authorized assignee, Winsor Learning, Inc., until it was replaced on June 30, 2015, by an amended and restated

license agreement between Ms. Sonday, as the Licensor, and Winsor Learning Inc., as the Licensee (the "Amended & Restated License Agreement" or "ARLA").

26. The ARLA was executed by Ms. Sonday, who is expressly defined as the Licensor under the ARLA, and Winsor Learning, Inc., who is expressly defined as the Licensee under the ARLA.

27. Winsor Concepts is also a party to the ARLA.

28. Winsor Concepts was an assumed name, used by Reynolds Guyer, an individual and sole proprietor.

29. Defendant Imagine is not a party to the ARLA.

30. Defendant Imagine did not execute the ARLA.

31. The ARLA contained several express written provisions, which were put in place to protect Ms. Sonday, and her valuable Sonday System assets.

32. By way of example, the ARLA defined the term "the Work" as "[t]he copyright protected works (whether registered or unregistered) created by [Arlene Sonday] that comprise The Sonday System®, a language and learning system containing multiple components designed for preschool, school children and adults including but not limited to those works listed on [a] Schedule 1 [attached to the ARLA]."

33. The ARLA's express definition of "the Work" also stated, "The WORK shall include all modifications, extensions and derivations of the WORK, and all merchandising and character licensing rights, whenever made, however sold and in any form."

34. Section 1.2 of the ARLA, in relevant part, expressly stated, "[t]he WORK, including any aspect of the WORK previously or hereafter developed by LICENSEE,

whether alone or jointly with [Ms. Sonday] or others, is hereby and shall be owned exclusively by LICENSOR, subject to the licensing terms of this [ARLA]."

35.     The Licensee covenanted under the ARLA that it "shall make and maintain all applications and registrations . . . necessary to protect (i) the copyright[s] associated with the WORK and any PRODUCT, [and] (ii) the rights associated with the TRADEMARKS" developed during the term of the ARLA in Ms. Sonday's name as owner, or in the name of her designee(s).

36.     Failure by the Licensee to make and maintain all such required applications and registrations of copyrights, trademarks or both is an event of default under the ARLA.

37.     The ARLA expressly stated it "shall not be altered or amended except in a writing signed by each party[.]"

38.     The ARLA, like the Initial License before it, also prohibited any assignment of the ARLA by the Licensee, without the Licensor's express, written consent.

39.     However, the ARLA allowed Ms. Sonday to assign her rights in the ARLA to persons or entities for the purpose of Ms. Sonday's estate planning.

40.     Accordingly, on or about August 14, 2020, Ms. Sonday, with the assistance of her estate planning counsel, assigned, *inter alia*, her interests in the ARLA, including the right to sue for past, present and future infringements, to the Trust.

41.     At approximately the same time, Ms. Sonday, with the assistance and advice of her estate planning counsel, also determined to assign, *inter alia*, her rights to future copyrights developed subsequent to August 14, 2020, including the right to sue for past, present and future infringements, to Sonday System, LLC, as a vehicle separate from the

Trust, to hold any copyrights created in whole or in part by Ms. Sonday after August 14, 2020.

## PLAINTIFFS AND THEIR INTELLECTUAL PROPERTY

### Copyrights

42.     Ms. Sonday, Karen Sonday and the Trust and LLC Plaintiffs collectively currently own and control an estimated eighty-four (84) registered copyrights which are at issue in this matter, most of which are illustrated on **Exhibit 1,** attached hereto and incorporated into this Complaint.

### Trademarks

43.     Plaintiff Trust owns and controls the registered marks THE SONDAY SYSTEM, SONDAY SYSTEM, and approximately twenty-nine (29) other registered and non-registered trademarks or service marks used in the marketing and sale of their Sonday System products, most of which are listed on **Exhibit 2** attached hereto and incorporated into this Complaint (hereinafter all collectively, the "Marks").

44.     Ms. Sonday and Plaintiffs have built an outstanding reputation over the years among educators, school districts, teachers, students and students' parents, all Sonday System consumers or potential consumers, establishing the Sonday System as a high-quality teaching products and services business, by providing the Sonday System using Plaintiffs' Marks to those consumer schools, teachers, educators, students and their families, since 1998.

45.     The marks SONDAY SYSTEM and THE SONDAY SYSTEM are inherently distinctive as trademarks identifying Plaintiffs' products and services.

46.    Brand recognition by consumers is a substantial part of Plaintiffs' products and services.

**DEFENDANT IMAGINE FACTUAL DEVELOPMENTS**

47.    At some point, based upon information and belief in or about 2022, Defendant Imagine began discussions with Winsor Learning, Inc. ("Winsor Inc.") regarding potential business dealings between Defendant Imagine and Winsor Inc. (the "Winsor & Imagine Discussions").

48.    During those discussions, Defendant Imagine was made aware of the ARLA license agreement between Ms. Sonday and Winsor Inc.

49.    Subsequent to the initiation of the Winsor & Imagine Discussions, and as a direct result of those discussions, on or about January 26, 2023, Winsor Inc. filed documents with the Minnesota Secretary of State, preparing to change its business entity from a corporation to a limited liability company.

50.    Subsequent to the initiation of the Winsor & Imagine Discussions, and as a direct result of those discussions, on or about January 30, 2023, Winsor Inc. went through the legal process of converting its business entity from a corporation to a limited liability company, named Winsor Learning, LLC ("Winsor LLC").

51.    Winsor Inc. did not advise Arlene Sonday or any of the Plaintiffs of its plan or decision to convert from Winsor Inc. to Winsor LLC until January 27, 2023.

52.    Winsor Inc. did not seek or secure any consent from Ms. Sonday or any Plaintiff to assign the ARLA or any portion thereof from Winsor Inc. to Winsor LLC.

53.     Also subsequent to the initiation of the Winsor & Imagine Discussions, and as a direct result of those discussions, a Stock Purchase Agreement or similar document ("SPA") was drafted and circulated between Defendant Imagine and Winsor LLC, which anticipated the sale of Winsor LLC's membership units to Defendant Imagine.

54.     Based upon information and belief, the SPA contained a Representations and Warranties section, whereby Winsor Inc., Winsor LLC, or both (collectively, "Winsor"), made express representations and warranties to Imagine to the effect that all necessary consents or approvals have been, or would be, secured by Winsor prior to the closing of the SPA's anticipated sale of Winsor to Imagine.

55.     Winsor and Defendant Imagine each entered into and executed the SPA.

56.     The closing for the stock sale transaction indicated in the SPA occurred on or about January 31, 2023.

57.     No express written consent to assign the ARLA or any portion of it from Winsor Inc. to any other party was secured from any Plaintiff prior to the January 31, 2023, closing date of the sale of Winsor stock or membership units to Defendant Imagine.

58.     In fact, none of the Plaintiffs were made aware of the pending stock or membership unit sale between Winsor and Defendant Imagine until January 27, 2023—a mere two (2) business days prior to the January 31, 2023 closing date.

59.     On or about January 31, 2023, the transaction anticipated in the SPA between Winsor and Imagine closed.

60.     No express written consent to assign the ARLA or any portion of it from Winsor Inc. or Winsor LLC to any other party has been secured from any Plaintiff since the January 31, 2023 closing date.

61.     From approximately January 31, 2023, to approximately December 31, 2023, Winsor LLC operated as a wholly-owned subsidiary of Imagine.

62.     Eleven months <u>after</u> the January 31, 2023 closing date, on or about December 12, 2023, Ms. Sonday was approached to provide a waiver of the event of default that would occur if Winsor dissolved or terminated itself as a business entity.

63.     A waiver of a potential event of default related to dissolution or termination of a business entity is not an "express written consent to assign" copyrights, trademarks, the ARLA or any portion of it to any other party.

64.     On or about January 1, 2024, Defendant Imagine drafted and sent a blanket letter to all of Imagine's "Customers and Vendors," claiming that "effective as of December 31, 2023, Winsor Learning was merged into Imagine Learning." And further claiming that "Imagine Learning has assumed all of the assets and liabilities of Winsor Learning, including Winsor Learning's contract with you."

65.     Ms. Sonday and Karen Sonday were provided this letter at some point.

66.     Plaintiffs are neither customers nor vendors of Imagine.

67.     Intellectual property assets whose ownership, control and rights are governed by federal law, such as copyrights and trademarks at issue in this matter, cannot be assigned via state law, as it is preempted by federal law.

68.    Federal laws require express written acknowledgement, signed by the intellectual property owner, for a valid and enforceable transfer, sale or assignment of intellectual property rights, such as the copyrights and trademarks at issue in this suit.

69.    The ARLA expressly contained an anti-assignment clause.

70.    That anti-assignment clause required that "[t]his Agreement and each and every one of its provisions . . . may not be assigned by either party except with the express written consent of the other except that LICENSOR [Ms. Sonday] may transfer [such rights for estate planning purposes]."

71.    Nonetheless, Ms. Sonday and Karen Sonday were misled by Imagine's blanket letter to its customers and vendors, which Imagine directed to the Sondays.

**DEFENDANT IMAGINE'S INFRINGING ACTS**

72.    Ultimately, on or about October 18, 2024, in response to a contract Imagine proposed to Karen Sonday, Imagine was advised that Karen Sonday rejected the proposed contract, but the Sondays would prepare a license agreement which contained terms the Sondays would accept, to allow Imagine certain rights to use the Sondays' intellectual properties.

73.    On or about November 1, 2024, Imagine was presented a draft of that potential license agreement between Imagine and the Plaintiffs.

74.    Defendant Imagine resisted the proposed license agreement, and on or about November 8, 2024, attempted to convince the Sondays they were obligated to work with Imagine, to develop and approve proposed derivative products Imagine intended to market and sell, which included intellectual property owned by Plaintiffs.

75.     In response to those efforts, Plaintiffs explicitly advised Imagine via a letter dated December 6, 2024, that it did not have an enforceable license to manufacture, distribute or otherwise exploit Plaintiffs' Sonday System assets.  That letter contained legal citation and analysis to confirm Plaintiffs' position, and assist Imagine in its understanding of the circumstances.

76.     Although Imagine rejected Plaintiffs' analysis and position, Plaintiffs and Imagine continued for some months to attempt to reach a written agreement which would confirm rights for Imagine to exploit Plaintiffs' intellectual property.

77.     No agreement was reached on a license agreement between the Plaintiffs and Defendant Imagine.

78.     On or about April 2, 2025, Imagine again attempted to coerce Plaintiffs to participate in Imagine's efforts to exploit the Plaintiffs intellectual property, this time threatening that if Plaintiffs did not cooperate as Imagine demanded, Imagine intended to proceed without Plaintiffs' consent or approval.

79.     Plaintiffs responded to those events and communication, via email on or about April 4, 2025, advising that any of the proposed actions by Imagine to proceed without consent, permission or approval by Plaintiffs would make the situation worse, have severe consequences, and that the Sondays would be forced to protect and enforce their intellectual property rights.

80.     Plaintiffs later learned that Imagine had indeed proceeded in contravention of Plaintiffs' April 4th warning, by distributing Imagine manufactured by or at the behest of Imagine, which contained Plaintiffs' intellectual property.

14

81.     Accordingly, on or about May 13, 2025, Plaintiffs delivered a cease and desist letter to Imagine, demanding that it immediately cease and desist from all uses of Plaintiffs' copyrights and trademarks.  That same letter also advised Imagine that the products it was manufacturing and distributing were of poor quality and damaging to Plaintiffs' goodwill, reputation and intellectual property.  That same letter also requested Imagine provide the SPA between itself and Winsor, for Plaintiffs to evaluate in light of Defendant Imagine's claims of right to proceed as it had been proceeding.

82.     To date, Imagine has failed or refused to produce the SPA to Plaintiffs, as requested.

83.     Defendant Imagine has also failed or refused to cease and desist from producing and distributing products containing Plaintiffs' copyrights and trademarks since Plaintiffs demand to do so on or about May 13, 2025.

84.     By way of example, and without limitation, based upon information and belief, on or about June 25, 2025, Defendant Imagine sold and distributed a product called the Sonday System 1 Word Book.

85.     Upon information and belief, the Sonday System 1 Word Book includes content copied or derived from one or more of Plaintiffs' copyright works, including but not limited to, TX0009237217, TX0006212536, TX0006430861, and TX0004712154.

86.     Upon information and belief, the Sonday System 1 Word Book also uses one or more of Plaintiffs' trademarks, including but not limited to the registered marks SONDAY SYSTEM (Reg. 4409606), THE SONDAY SYSTEM (Reg. 2470742), SONDAY SYSTEM (Reg. 7161776), SONDAY SYSTEM 1 (Reg. 7155739), SONDAY

SYSTEM 1 (Pending examination; SN. 98528287), and SONDAY SYSTEM 1 (Pending examination; SN. 98538555).

87.     As a further example, and without limitation, based upon information and belief, on or about July 11, 2025, Defendant Imagine sold and distributed ten copies of a product called the Sonday System 1 Word Book, and five copies of a product called Sonday System 2 Word Book.

88.     Upon information and belief, the Sonday System 2 Word Book includes content copied or derived from one or more of Plaintiffs' copyright works, including but not limited to, TX0009104545 and TX0006212510.

89.     Upon information and belief, the Sonday System 2 Word Book also implicates the use of one or more of Plaintiffs' trademarks, including but not limited to the registered marks SONDAY SYSTEM (Reg. 4409606), THE SONDAY SYSTEM (Reg. 2470742), SONDAY SYSTEM (Reg. 7161776), SONDAY SYSTEM 2 (Reg. 7155741), and SONDAY SYSTEM 2 (Pending examination, SN. 98528297).

90.     As a further example, and without limitation, based upon information and belief, on or about July 21, 2025, Defendant Imagine sold and distributed a product called Imagine Sonday System Essentials 2 Online License, and a product called Imagine Sonday System E2 Learning Plan Book.

91.     Upon information and belief, the Sonday System Essentials 2 Online License includes content copied or derived from one or more of Plaintiffs' copyright works, including but not limited to, TX0008837515 and TX0009180837.

92.     Upon information and belief, the Sonday System Essentials 2 Online License implicates the use of one or more of Plaintiffs' trademarks, including but not limited to the registered marks SONDAY SYSTEM (Reg. 4409606), THE SONDAY SYSTEM (Reg. 2470742), SONDAY SYSTEM ESSENTIALS (Reg. 5346895), SONDAY SYSTEM (Reg. 7161776), SONDAY SYSTEM E (Reg. 7155743), SONDAY SYSTEM E (Pending examination, SN. 98528252), and SONDAY SYSTEM E (Pending examination, SN. 98538569).

93.     Upon information and belief, Imagine Sonday System E2 Learning Plan Book includes content copied or derived from one or more of Plaintiffs' copyright works, including but not limited to, TX0008837515.

94.     Upon information and belief, Imagine Sonday System E2 Learning Plan Book also implicates the use of one or more of Plaintiffs' trademarks, including but not limited to the registered marks SONDAY SYSTEM (Reg. 4409606), THE SONDAY SYSTEM (Reg. 2470742), SONDAY SYSTEM (Reg. 7161776), SONDAY SYSTEM 2 (Reg. 7155741), and SONDAY SYSTEM 2 (Pending examination, SN. 98528297).

95.     Defendant Imagine has made copies of Plaintiffs' copyright Works, made derivatives of Plaintiffs' copyright works, has distributed those copies and derivatives and has displayed those copies and derivatives publicly.

96.     Those acts, as indicated in the immediately preceding paragraph are in violation of Plaintiffs' copyright rights, and have been done without authorization from Plaintiffs.

97.    Defendant Imagine advertised products and services using the Plaintiffs' Marks, without consent or authority from any of the Plaintiffs.

98.    Defendant Imagine has profited from the goodwill and consumer confusion generated by the use of Plaintiffs' Marks.

99.    Defendant Imagine's use of Plaintiffs' copyrights was willful, intentional, and a deliberate violation of Plaintiffs' rights under the Copyright Act.

100.    Imagine's use of Plaintiffs' Marks was willful, intentional and a deliberate violation of Plaintiffs' rights under the Lanham Act and related state law statutes.

101.    Defendant Imagine acted willfully, in bad faith, and with the intent to trade off Plaintiffs' copyrights and Marks.

102.    Imagine's repeated refusal to engage in good faith efforts to address the infringement demonstrates a willful disregard for Plaintiffs' copyrights and trademark rights, necessitating this litigation.

103.    Defendant Imagine's use of Plaintiffs' Marks has caused, and is likely to continue to cause, consumer confusion, mistake, or deception as to the source, sponsorship, or endorsement of its goods, services, and commercial activities.

104.    Imagine's conduct has caused irreparable injury to Plaintiffs' reputation and goodwill, and the reputation and goodwill of Plaintiffs' intellectual property, for which Plaintiffs have no adequate remedy at law.

105.    Defendant Imagine's acts and use of Plaintiffs' Marks likely will cause confusion, mistake, or deception amongst consumers, infringing Plaintiffs' trademark

rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and in violation of related state statutes and Plaintiffs' common law rights.

106.   Defendant Imagine also does business under the name Edgenuity Inc., or Edgenuity Inc. is Imagine's sub-licensee, sub-contractor, agent or affiliate.

107.   Defendant Imagine also does business under the name Homeschool Excellence, or Homeschool Excellence is Imagine's sub-licensee, sub-contractor, agent or affiliate.

108.   Defendant Imagine also does business under the name Alpha Omega Publications, or Alpha Omega Publications is Imagine's sub-licensee, sub-contractor, agent or affiliate.

## COUNT I

## Copyright Infringement – 17 USC § 501

109.   Plaintiffs restate and reallege the paragraphs above, as if fully set forth herein.

110.   Imagine's conduct as described herein is in violation of copyright law, including the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*, and the exclusive rights held by Plaintiffs.

111.   Imagine's infringement of Plaintiffs' rights was and is willful.

112.   As a result of Imagine's acts of copyright infringement, and the foregoing allegations, Plaintiffs have suffered damages in an amount to be determined at trial.

113.   Plaintiffs are entitled to statutory damages under the Copyright Act for each act of infringement by Imagine, as to each copyright Work infringed, of $30,000 each, and

up to $150,000 per infringement as to each infringement of each copyright Work, if determined such infringement was willful, at Plaintiffs' election.

## COUNT II

### Trademark Infringement - 15 U.S.C. § 1114

114. Plaintiffs restate and reallege the paragraphs above, as if fully set forth herein.

115. Plaintiffs are the owners of numerous valid United States Trademark Registrations for the SONDAY SYSTEM family of marks, including but not limited to the registered standard character marks for SONDAY SYSTEM (Reg. No. 4409606), THE SONDAY SYSTEM (Reg. Nos. 2470742 and 2687656), SONDAY SYSTEM ESSENTIALS (Reg. No. 5346895), LPL (Reg. No. 5474023), and various associated design marks, as indicated on Exhibit B, attached hereto and incorporated by reference.

116. Defendant has used, and continues to use, one or more of Plaintiffs' Marks in commerce in connection with the advertising, marketing, distribution, and sale of Imagine's products, without Plaintiffs' authorization.

117. On multiple occasions beginning no later than November 1, 2024, Plaintiffs advised Defendant that it lacked valid authorization to use Plaintiffs' trademarks, including in the formal cease and desist letter dated May 13, 2025.

118. Despite Plaintiffs' request, Defendant has continued to distribute its products using Plaintiffs' Marks.

119. No valid or enforceable license for Defendant to use Plaintiffs' Marks exists.

120. Imagine's use of Plaintiffs' Marks is therefore unauthorized.

121.   Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

122.   As a result of Defendant's actions, Plaintiffs have suffered, and will continue to suffer, irreparable harm and are entitled to injunctive relief, damages, disgorgement of Defendant's profits, and an award of attorneys' fees and costs pursuant to 15 U.S.C. §§ 1116 and 1117.

123.   In addition, Defendant has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

124.   The unauthorized and infringing use by Defendant of Plaintiffs' Marks will, unless enjoined, cause irreparable harm, damage, and injury to Plaintiffs' goodwill in their Marks.

125.   Defendant Imagine's continued use of Plaintiffs' Marks following express written notice of non-authorization, including Plaintiffs' formal cease and desist letter dated May 13, 2025, was willful, knowing, and in bad faith. Plaintiffs are therefore entitled to enhanced damages under 15 U.S.C. § 1117(b) and injunctive relief under 15 U.S.C. § 1116.

## COUNT III

## Trademark Infringement - Federal Unfair Competition – 15 U.S.C. § 1125(a)

126.   Plaintiffs restate and reallege the paragraphs above, as if fully set forth herein.

127. Defendants' unauthorized use in commerce of Plaintiffs' Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, services or both.

128. Defendants' unauthorized use in commerce of Plaintiffs' Marks is likely to cause consumers to mistakenly believe that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is affiliated with or sponsored by Plaintiffs.

129. Plaintiffs made Defendant Imagine aware of their rights as early as October 18, 2024, and clarified Imagine must cease and desist its uses of Plaintiffs' Marks no later than May 13, 2025.

130. By failing to stop using Plaintiffs' Marks, Defendant continues to willfully infringe Plaintiffs' trademark rights.

131. Imagine's infringing acts are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of its services and goods, and have deceived and are likely to continue deceiving the relevant consuming public into believing, mistakenly, that Defendant's services and goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

132. Defendant's conduct as alleged herein is causing immediate and irreparable harm to Plaintiffs and their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public. Unless enjoined by this Court, Plaintiffs have no adequate remedy at law.

133.   Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, disgorgement of Imagine's profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

134.   Plaintiffs are further entitled to enhanced damages and profits due to Imagine's willful infringement.

135.   Defendant's wrongful activities have caused Plaintiffs irreparable injury. Plaintiffs are informed and believe that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities and cause continued and irreparable injury to Plaintiffs.

136.   Unless enjoined, Defendant's ongoing infringement will impair the distinctiveness and value of the Marks and cause injury to Plaintiffs' reputation, which cannot be completely remedied through damages, as Plaintiffs have no complete or adequate remedy at law. Plaintiffs are therefore entitled to preliminary and permanent injunctions restraining and enjoining Imagine and their agents, employees, and all persons acting, with, or on their behalf, from using in commerce any of Plaintiffs' Marks or any colorable imitation of Plaintiffs' Marks.

137.   Plaintiffs are also entitled to recover (i) Imagine's profits, (ii) Plaintiffs' ascertainable damages, and (iii) Plaintiffs' costs of suit.

## COUNT IV

### Violation of Minnesota's Deceptive Trade Practices Act– Minn. Stat. § 325D.44

138.   Plaintiffs restate and reallege the paragraphs above, as if fully set forth herein.

139.   Defendant has engaged in deceptive trade practices by using Plaintiffs' copyright Works and Marks, or marks confusingly similar to Plaintiffs' Marks, which mislead consumers and damages Plaintiffs' goodwill and reputation.

140.   Defendant's conduct was and is willful.

141.   As a result of Defendant Imagine's deceptive trade practices, Plaintiffs have suffered and will continue to suffer irreparable harm, including confusion in the marketplace and loss of business opportunities.

142.   Pursuant to Minn. Stat. § 325D.45, Plaintiffs seek injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial in this action on all issues and claims triable of right by a jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief and an order from this Court, as follows:

1.   Entering judgment against Defendant Imagine, for each and every act of copyright infringement;

2.    An award of statutory damages of $30,000, at Plaintiffs' election, for each and every act of copyright infringement of each of the copyright Works, pursuant to 17 U.S.C. §§ 504-505;

3.    Finding that Defendant Imagine's conduct was committed willfully, and that it be ordered to pay and award of increased statutory damages of $150,000 for each infringement of each of the copyright Works;

4.    And award of actual damages, disgorgement of Imagine's profits from copyright infringement, or both, at Plaintiffs' election;

5.    Entering judgment that Defendant Imagine's unauthorized use of Plaintiffs' federally-registered marks, in connection with Imagine's marketing and sales of goods and services, constitutes trademark infringement in violation of 15 U.S.C. section 1114;

6.    Entering judgment against Defendant Imagine for common law trademark infringement;

7.    Entering judgment that Defendants' unauthorized use of Plaintiffs' Marks pending federal registration constitutes federal unfair competition in violation of 15 U.S.C. section 1125(a);

8.    Preliminarily and permanently enjoining and restraining Defendant Imagine, along with its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, from using any of Plaintiffs' Marks as a trademark or service mark, trade name component, or otherwise, to market, advertise, distribute, or identify Defendant Imagine's products or services;

9.   Entering an Order requiring Defendants to immediately cease use of and cancel any and all domain names and social media accounts containing any of the Sonday Marks, and any similar variations, whether now existing or later created;

10. Under 15 U.S.C. section 1116(a), directing Defendant Imagine to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant complied with the injunction;

11. Under 15 U.S.C. section 1118, requiring Defendant Imagine and all others acting under its authority, at their cost, to deliver to this Court or destroy all products, materials, devices, literature, advertising, labels, and other material in their possession bearing Plaintiffs' Marks;

12. Awarding Plaintiffs all damages sustained as the result of Defendant Imagine's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest pursuant to 15 U.S.C. § 1117;

13. Awarding treble actual damages and profits under 15 U.S.C. section 1117(b) because Defendant Imagine's conduct was willful within the meaning of the Lanham Act;

14. Awarding Plaintiffs all damages sustained as a result of Defendant Imagine's acts in violation of Minn. Stat. § 325D.44, including attorneys' fees, costs, and expenses incurred in bringing this action, and granting any further relief available under Minn. Stat. § 325D.45, including injunctive relief and such other relief as the Court deems just and proper;

15. Awarding Plaintiff its attorneys' fees and costs under 15 U.S.C. § 1117(a), as Defendants' acts and conduct were, deliberate, malicious or willful, making them particularly egregious and causing this to be an exceptional case; and

16. Granting Plaintiffs such additional, other or further relief as the Court deems proper.

Dated:  July 28, 2025                    **THE SPENCE LAW FIRM**

                                         */s/ Russell M. Spence*
                                         Russell M. Spence, Jr.  Reg. No. 241052
                                         Jonathan P. Sime        Reg. No. 0505724
                                         80 South 8th Street, Suite 900
                                         Minneapolis, MN  55402
                                         Phone:  612.337.9007
                                         *spence@spence.law*
                                         *sime@spence.law*

                                         **ATTORNEYS FOR PLAINTIFFS**

## VERIFICATION

Plaintiff, Arlene Sonday, states and affirms:

1.     That I am one of the Plaintiffs in the action herein.

2.     I declare under penalties of perjury that I have read the annexed Complaint and know of the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  Everything I have stated in this Verification is true and correct.

Dated: July 28, 2025

_____
Arlene Sonday

## VERIFICATION

Plaintiff, Karen Sonday, states and affirms:

1.    That I am one of the Plaintiffs in the action herein.

2.    I declare under penalties of perjury that I have read the annexed Complaint and know of the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  Everything I have stated in this Verification is true and correct.

Dated: July 28, 2025

Karen Sonday

27